DIXON, Judge
(dissenting).
The burden of proving contributory negligence is on the defendant.
In his written opinion, the trial judge referred to a statement given by Dr. Siess shortly after the accident “in which he stated that he did not see these vehicles until after they collided and that when he looked up they were together in front of him.” Based on this statement of Dr. Siess, he was found to be guilty of contributory negligence for not observing traffic ahead of him and for not keeping his car under proper control.
The statement referred to by the trial judge follows:
“My name is Dr. J. Siess. I live at 315 Monroe St. Bossier City, La.
“I own a 1961 Dodge Sta Wgn which I was driving on Feb. 10, 1967 at about 11:20 A.M. when an accident occurred on 1-20. I was headed east alone. I was in the center lane of three lanes past the exit point to Hwy. 3. I suddenly saw 2 cars up to my immediate front collide. They came partial into my lane. I swerved and the right rear of my car collided with the left rear International Sta. Wgn. I did not observe the two cars that collided prior to their collision. When I looked up I saw them together.
*261 “These two cars were just to my right front. My first view of them they were together with both of them facing generally south to the right side of the road. The right side of the International was collided with the left side of the Chrysler. The rear of the International came partially in my lane. I swerved hard hut the right rear quarter panel of my Sta Wagon was caught by the left rear of the International protruding into my lane. My knee was hurt. I was alone. The Police investigated. This report is true to the best of my knowledge.”
A fair reading of the statement can only convey the information that Dr. Siess suddenly saw two cars in front of him collide and that he swerved hard in an effort to miss the car blocking his lane.
Mrs. Mannings’ testimony was that she never did see Dr. Siess, was not aware of the collision with his car, and didn’t know that Dr. Siess had collided with her until after the accident, indicating that Dr. Siess’s collision with Mrs. Manning was almost simultaneous with Mrs. Manning’s collision with Mrs. Spiller.
Dr. Siess’s testimony was that he was to the rear of Mrs. Manning when she sud-. denly swerved and blocked his lane immediately ahead of him when her car collided with the Spillers car and spun sideways.
The only evidence of Dr. Siess’s speed is his testimony that he was traveling about 25 miles per hour at the time of the accident, and that all three vehicles involved in the accident were traveling at approximately the same speed.
It seems apparent that Dr. Siess was confronted with a sudden emergency, not of his own making, and took the only possible means of extricating himself by swerving to the left, very nearly succeeding in avoiding the accident. The evidence does not support the view that Dr. Siess failed to see a vehicle stopped in his lane at a time when he could have avoided striking it.
For these reasons, I must respectfully dissent from a finding that Dr. Siess was guilty of contributory negligence.